UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at LEXINGTON

CIVIL ACTION NO. 10-CV-38-JMH

SHARON EVA MORRIS                                                              PETITIONER

VS:               **MEMORANDUM OPINION AND ORDER**

DEBORAH HICKEY, *Warden*                                                RESPONDENT

Petitioner Sharon Eva Morris has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. §2241. R. 2.[1] On the envelope in which she mailed her § 2241 petition, Morris listed her return address as being as the Federal Medical Center, Satellite Camp ("FMC-SC") located in Lexington, Kentucky.[2] Deborah Hickey, the Warden of FMC-SC-Lexington, is the named respondent in this action.

Promptly after the filing of a petition for writ of habeas corpus, the Court must review the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing 28 U.S.C. § 2254 Cases; (applicable to § 2241 petitions under Rule 1(b)). *See*, *e.g.*, *Patton v. Fenton*, 491 F.Supp. 156, 158-59 (M.D. Pa. 1979); *see also* 28 U.S.C. § 2243. The district court may summarily dismiss a petition if it appears from the face of the petition that

---

[1] Morris has paid the $5.00 filing fee. *Id*.

[2] At the end of her § 2241 petition, Morris listed her address as being "5953 Murnan Rd., Cold Springs, Kentucky, 41076." R. 2, p. 19.

the petitioner is not entitled to relief. *See* 28 U.S.C. § 2243; *Blevins v. Lamanna*, 23 F. App'x 216, 218 (6th Cir. 2001); *Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970).

For the reasons set forth below, the Court will deny the instant § 2241 petition without prejudice, based upon Morris's failure to exhaust her administrative remedies.

## CLAIMS

Morris provides sparse information about her claim, stating only that she was convicted in this Court of Aggravated Identity Theft; received a 24-month sentence; and that her projected release date is May 13, 2011. R. 2, p.1. The Court takes judicial notice of the "Judgment in a Criminal Case" entered in Morris's criminal proceeding. *See United States of America v. Morris*, 2:09-0004-DCR (E.D. Ky.), R. 23 ("the Criminal Action").

In her § 2241 petition, Morris failed to set forth either what her claim is or what relief she seeks. Morris's §2241 petition consists primarily of an eighteen-page pre-fabricated legal memorandum (which reads more like a brief than a § 2241 petition) and numerous attachments, all of which discuss the Second Chance Act of 2007, Pub. L. No. 110-199, § 2519a), 122 Stat. 657, 692-93 (April 9, 2008) ("the Second Chance Act"), 18 U. S. C. § 3624(c).[3]

After review of Morris's lengthy "petition," the Court can only assume that she is seeking a twelve-month placement in a Residential Re-entry Center ("RRC"), based on the Second Chance Act. Prisoners near the end of their sentences are often placed in RRC's, previously

---

[3] The Second Chance Act amended 18 U.S.C. § 3624(c) to "authorize[] the BOP to consider placing an inmate in an RRC for up to the final 12 months of his or her sentence, rather than the final six months that were available pre-amendment." *Montes v. Sanders*, No. 07-07284, 2008 WL 2844494, at *1 (C.D. Cal., July 22, 2008). In considering RRC placement, the BOP must weigh the various factors enumerated in 18 U.S.C. § 3621(b). *See* 18 U.S.C. § 3624(c).

known as Community Corrections Centers (CCC's) or "halfway houses" to live and work, under supervision, in order to facilitate their transition back into the community.

The docket sheet from the Criminal Action reveals that Morris was to begin serving her sentence on August 17, 2009. *Id.*, R. 23, p. 2. In her § 2241 petition, Morris does not inform the Court if, or when, the BOP has scheduled her RRC placement to commence.

Morris's § 2241 petition/legal memorandum also contains a lengthy argument that administrative exhaustion of RRC placement claims is futile and unnecessary. Therefore, the Court assumes that Morris is arguing that she was not required to have administratively exhausted her construed RRC placement claim in accordance with the BOP's Administrative Remedy Program, found at 28 C.F.R. §§ 542.10-19.

## DISCUSSION

Federal prisoners must exhaust their administrative remedies prior to filing a habeas petition under § 2241. *Fazzini v. Northeast Ohio Corr. Center*, 473 F.3d 229, 231 (6th Cir. 2006); *Little v. Hopkins*, 638 F.2d 953, 953-54, (6th Cir. 1981). Here, Morris does not allege that she administratively exhausted her construed RRC placement claim, and she certainly provided no documentation indicating that she exhausted such claim.

Section 542.13(a) demands that an inmate first informally present his complaint to the staff, thereby providing them with an opportunity to correct the problem, before filing a request for an administrative remedy. If the inmate cannot informally resolve his complaint, then he may file a formal written request (a BP-9 form) to the Warden. *See id.* § 542.14(a). If the inmate is not satisfied with the Warden's response, he may appeal by filing a BP-10 form with the

3

Regional Director, and if the inmate is not satisfied with the Regional Director's response, he may appeal by filing a BP-11 form with the Office of General Counsel. *See id*. § 542.15 (a)-(b).

The Court rejects any construed argument, buried in Morris's pre-fabricated submission, that administrative exhaustion is not required when a federal inmate demands a twelve-month RRC placement based upon the Second Chance Act. This Court has consistently held that administrative exhaustion of RRC placement claims is required. *See Sommerville v. Dewalt*, No. 09–00068, 2009 WL 1211158, at *3 (E.D. Ky., May 1, 2009); *Simmons v. Zuercher*, No. 09-00049-ART (E.D. Ky.), R. 7, p. 7; and *Johnson v. Hogsten*, No. 09-00082-GFVT (E.D. Ky.), R. 7, p.4.[4]

Morris has failed to demonstrate that she has administratively exhausted her construed claim demanding a twelve-month placement in an RRC. Morris is permitted to file another § 2241 after she has administratively exhausted her RRC placement claims, but if she does so, she is advised of one fact.

The Second Chance Act does not automatically entitle, or guarantee, any prisoner to a twelve-month RRC placement term, but only directs the BOP to *consider* placing an inmate in an RRC for *up to* a twelve month period. *Demis v. Sniezek*, 558 F. 3d 508, 514 (6th Cir. 2009) (emphasis added). The Second Chance Act merely requires that the Director of the BOP shall

---

[4] Other jurisdictions have similarly ruled that prisoners demanding a twelve-month RRC placement under the Second Chance Act must administratively exhaust their claims. *See Craig v. Zickefoose*, No. 09-06513, 2010 WL 234908, at *4 (D. N.J., January 15, 2010) (no reason to excuse prisoner's failure to exhaust administrative remedies relating to RRC placement claim); *Schlenkert v. Davis*, No. 08-02660, 2009 WL 793097, at * 1 (D. Colo., March 20, 2009) (petitioner's speculation of futility did not excuse his failure to exhaust RRC placement claims); *Sawyer v. Cruz*, No. 08-06191, 2009 WL 703856, * at 1 (D. Minn., March 16, 2009) (where prisoner filed § 2241 petition seeking community or home confinement allowed under the Second Chance Act, Magistrate Judge recommended that the petition be dismissed without prejudice for failure to exhaust administrative remedies).

"ensure that a prisoner serving a term of imprisonment spends a portion of the final months of that term (not to exceed twelve months), under conditions that will afford that prisoner a reasonable opportunity to adjust to and prepare for the reentry of that prisoner into the community." 18 U.S.C. § 3624(c). This action will be dismissed without prejudice.

## CONCLUSION

The Court being sufficiently advised, it is **ORDERED** as follows:

(1)　Morris's 28 U.S.C. § 2241 petition for a writ of habeas corpus, R. 2, is **DENIED.**

(2)　This action is **DISMISSED WITHOUT PREJUDICE**, *sua sponte*.

(3)　Judgment shall be entered contemporaneously with this Memorandum Opinion and Order in favor of Respondent Deborah Hickey, Warden of FMC-SC-Lexington.

This the 8th day of February, 2010.



Signed By:
*Joseph M. Hood*
Senior U.S. District Judge